UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-23064-CIV-KING/BANDSTRA

JACYNTA HOUSE,

    Plaintiff,

vs.

MIAMI-DADE COUNTY, OFFICER ERICK
LOPEZ and OFFICER JOSE HUERTA,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Defendants' Consolidated Motion for Summary Judgment (D.E. 19) filed on August 23, 2010. On August 25, 2010, this motion was referred to the undersigned for appropriate proceedings by the Honorable James Lawrence King pursuant to 28 U.S.C. §636(b). Accordingly, the undersigned conducted a hearing on this motion on December 7, 2010. Following full review of the pleadings, all depositions, affidavits, and other exhibits attached or referred to therein, the court file and applicable law, and in consideration of oral argument of counsel for the parties, the undersigned respectfully recommends that Defendants' Consolidated Motion for Summary Judgment be DENIED for reasons explained below.

## INTRODUCTION

This is an action for damages resulting from alleged violations of civil rights and other wrongs brought by plaintiff, Jacynta House, against Miami-Dade County ("the County") and two of its police officers, Erick Lopez and Jose Huerta, pursuant to 42 U.S.C.

§1983. In brief summary, officers of the Miami-Dade Police Department were dispatched to a residence in Miami Gardens, Florida on June 11, 2007 for a domestic disturbance involving the firing of gun shots. Plaintiff alleges that she observed the responding defendant officers using excessive force against Darnell Francis, an occupant of the residence, during and immediately after his arrest arising out of the above incident. Plaintiff further alleges that she called 911 to report the officers' use of excessive force against Francis. According to plaintiff, when the defendant officers became aware that she had reported their misconduct, they responded by arresting her in violation of her constitutional rights. Specifically, plaintiff claims that the defendant officers unlawfully arrested her in the absence of reasonable suspicion or probable cause.

Plaintiff sues the defendant officers in their individual capacities for violations of her civil rights, wrongful arrest, malicious prosecution, and retaliation under 42 U.S.C. § 1983 (Counts II, III and IV). In addition to the federal claims, plaintiff sues the County for false imprisonment and/or false arrest under state law (Count I).

Defendants have moved for summary judgment in their favor on all claims in the First Amended Complaint arguing that they are not liable under § 1983 or any other provisions of federal or state law on the undisputed material facts of this case and, with respect to the individual defendant officers, pursuant to principles of qualified immunity.

## STANDARD OF REVIEW

Motions for summary judgment should only be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show there is no genuine issue as to any material fact and that the moving party is entitled

to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Celeotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A party seeking summary judgment bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the nonmoving party "must produce evidence that shows there exists a genuine issue of material fact." *Cottle v. Storer Communication, Inc.*, 849 F.2d 570, 575 (11th Cir. 1988). The trial court "must consider all the evidence in the light most favorable to the non-moving party," *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1528 (11th Cir. 1987), and "resolve all reasonable doubts in favor of the non-moving party." *Barnes v. Southwest Forest Indus., Inc.*, 814 F.2d 607, 609 (11th Cir. 1987). A trial court, however, is not required "to resolve *all* doubts in such a manner." *Barnes*, 814 F.2d at 609. "Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which is designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327. (quoting Fed.R.Civ.P. 1). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S.Ct. 2505, 2512 (1986).

## STATEMENT OF UNDISPUTED FACTS[1]

On June 11, 2007, police officers of the Miami-Dade Police Department responded to a report of a domestic disturbance resulting in gun shots fired near Northwest 190th Street and Northwest 18th Court in Miami Gardens, Florida. Upon arriving at the scene, officers interviewed witnesses who advised that a male driving a red Dodge Magnum was parked in the street and engaged in a heated verbal argument with a female driving a white Pontiac Grand Prix. The argument ended when the male pulled out a gun, fired several shots and fled the scene. The witnesses further stated that both drivers fled to a residence located at 1730 Northwest 189th Terrace (The "subject residence").

Shortly thereafter, Miami- Dade police officers arrived at the subject residence and were told by a woman identified as Mahasin Francis that no one there had called the police. Ms. Francis then asked the officers to leave. The officers then left the residence and returned to the scene of the fired shots to continue canvassing the area and talking to witnesses. At this time, the officers were approached by several citizens of the community who stated that the shots were fired by Darnell Francis, a resident of the house previously responded to by the police, and that he had been in an argument with his wife, Mahasin Francis.

The officers then returned to the subject residence and saw a man matching the witnesses descriptions on a cellular phone outside of the residence. The officers advised the male subject, later identified as Darnell Francis, that they wanted him to answer

---

[1] This statement of facts is based on the factual statements of the parties, the uncontested deposition testimony of persons identified herein, affidavits and other materials submitted by the parties.

questions regarding an investigation. At this moment, Darnell Francis turned towards the doorway of the residence and grabbed a semi-automatic pistol from his waistband. The defendant officers quickly charged towards Darnell Francis resulting in a struggle between Francis and the defendant officers in or near the threshold of the residence. The defendant officers physically subdued Darnell Francis, recovered the handgun and placed him under arrest. During the struggle, the defendant officers became aware of several women in or around the residence. The women were yelling at the officers, circling around the threshold of the doorway and blocking the officers' path to their vehicle.[2] The women were arrested and detained. Plaintiff was also arrested for resisting arrest without violence and prosecuted in state court. This charge was later dismissed by the Miami-Dade State Attorney's Office.

## ANALYSIS

Defendants moves for summary judgment on all four counts of the First Amended Complaint which are based on allegations of plaintiff's wrongful arrest and prosecution. The defendant officers argue that they are entitled to qualified immunity on the § 1983 civil rights claims because they did not violate a clearly established constitutional right or act with deliberate indifference or malice in arresting plaintiff under the circumstances of this

---

[2] The factual statements offered by the parties differ significantly at this point in the story as explained below. Defendants offer evidence that several women including plaintiff were interfering and attempting to obstruct the apprehension and arrest of Darnell Francis. Defendants further maintain that plaintiff was speaking in a boisterous manner and resisted the officers commands to move and clear a path from the residence. Plaintiff recalls being in the front yard, well away from the struggle, walking away from the residence towards the street. Plaintiff further claims that she witnessed the defendant officers abusing Mr. Francis and that she called 911 to report the officers' misconduct.

case. Specifically, the defendant officers argue that the undisputed facts demonstrate that they had probable cause, or, alternatively, for attempted resistance without violence, disorderly conduct and violation of the County's noise ordinance. Consequently, the defendant officers maintain that there is no question that they were acting within their discretionary authority when they arrested plaintiff.

Plaintiff opposes defendants' motion contending that there are genuine issues of material fact with respect to whether the defendant officers had probable cause or arguable probable cause to effectuate her arrest. Specifically, plaintiff argues that evidence in the record, including deposition testimony, reflect that she did not interfere with the defendant officers' arrest of Mr. Francis nor engage in any loud or obstructive conduct. Thus, plaintiff argues that summary judgment in defendants' favor is precluded and that the individual officers are not entitled to qualified immunity.

Generally, "[q]ualified immunity offers complete protection for government officials sued in their individual capacities if their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Vinyard v. Wilson*, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity from suit is intended to "allow government officials to carry out their discretionary duties without the fear of personal liability or harassing litigation, protecting from suit all but the plainly incompetent or one who is knowingly violating federal law." *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002).

Courts utilize a two-part framework to evaluate qualified immunity defenses.[3] One

---

[3]The initial inquiry in a qualified immunity case is whether the public official proves "that he was acting within the scope of his discretionary authority when the

inquiry in a qualified immunity analysis is whether the plaintiff's allegations, if true, established a constitutional violation. *Hope v. Pelzer,* 536 U.S. 730, 736 (2002) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)).  If the facts, construed in the light most favorable to the plaintiff, show that a constitutional right has been violated, another inquiry is whether the right violated was "clearly established." *Saucier*, 533 U.S. at 201.  Both elements of this test must be satisfied for an official to lose qualified immunity, and this two-pronged analysis may be done in whatever order is deemed most appropriate for the case. *Pearson v. Callahan*, 129 S.Ct. 808, 821 (2009).

Plaintiff's Amended Complaint is premised on an unlawful arrest without probable cause to believe she committed an arrestable offense.  The Fourth Amendment's guarantee against unreasonable searches and seizures encompasses the right to be free from arrest without probable cause. *See e.g., Von Stein v. Brescher*, 904 F.2d 572, 579 (11th Cir. 1990).  Nonetheless, the question for purposes of the individual defendants' qualified immunity defense is not whether probable cause actually existed.  Instead, "[w]hen a law enforcement officer seeks summary judgment on the basis of qualified immunity, we only must ask whether, viewing the facts in a light favorable to the non-movant, there was arguable probable cause." Moore v. Gwinnett County, 967 F.2d 1495, 1497 (11th Cir.1992), *cert. denied,* 506 U.S. 1081, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993); *Crosby v. Monroe County,* 394 F.3d 1328 (11th Cir. 2004).  Arguable probable

---

alleged wrongful acts occurred." *Lee*, 284 F.3d at 1194. For the § 1983 claims here, the parties do not dispute that the individual defendant officers were acting within the scope of their discretionary authority.  Indeed, plaintiff admits that the officers were acting within the scope of their employment as police officers of Miami-Dade County. *See* Am.Cpt., ¶¶ 4-5.

cause exists when an officer reasonable could have believed that probable cause existed, in light of the information the officer possessed. *Id.* (*citing Durruthy v. Pastor*, 351 F.3d 1080, 1089 (11th Cir. 2003)).

Based on the record before the Court, read in a light most favorable to plaintiff, the undersigned finds that the defendant officers are not entitled to qualified immunity at this time. Specifically, the undersigned finds material facts in dispute with respect to whether the defendant officers had even arguable probable cause to arrest plaintiff. The defendant officers rely primarily on the arrest affidavit charging plaintiff with resisting arrest without violence wherein both officers attest that plaintiff obstructed them by "standing between" the officers "while initiating the arrest" of Mr. Francis and that plaintiff "continued to circle" the officers. *See* Arrest Affidavit dated June 11, 2007 (D.E. 22, Exh. 5). In further support, the officers attest that plaintiff was "speaking or screaming in a loud or boisteroius manner" which could justify an additional violation of the County's noise ordinance. *See* Declarations of Officers Huerta and Lopez, ¶¶ 7 and 9 (D.E. 19, Exhs. 3 and 4).

The record further contains the deposition testimony of both Officer Lopez and Huerta. Officer Lopez testified that plaintiff stood just outside the threshold of the residence and obstructed and/or blocked the doorway of the residence thereby hindering the officers' exit from the residence with several other subjects arrested that day. *See* Lopez Depo. at 45, 48 and 57 (D.E. 22, Exh.3). Officer Huerta presents a different version of events, testifying that plaintiff wedged her full body between him and Mr. Francis in an attempt to stop the arrest. *See* Huerta Depo. at 45-47.

Plaintiff, however, relates a significantly different version of events in her deposition.

Plaintiff testified that she was at the residence to assist in the care and pick-up of children. *See* House Depo. at 10-11 (D.E. 22, Exh. 1). Plaintiff further testified that she was outside the residence "by the bay window in the carport" during the struggle between the officers and Mr. Francis. *Id. at* 15. Plaintiff insists that she did not block the doorway, yell at the officers, or "wedge" herself between the officer and Mr. Francis during his arrest. *Id* at 33. Rather, plaintiff was in the carport area on the telephone when the defendant officers walked up to her and placed her under arrest. *Id.* at 19-29. Plaintiff's testimony is corroborated by the affidavit of Kewanna Johnson, another female at the scene, who attests that plaintiff did "not interfere" with the officers, "did not yell or scream at the officers" and "did not physically make contact, block the police or obstruct the officers in any way." *See* Johnson Aff'd., ¶¶ 4-6 (D.E. 22, Exh. 7).

Finding the facts resulting in plaintiff's arrest in material dispute, the undersigned concludes that the defendant officers are not entitled to summary judgment at this time. Indeed, not only is there a significant conflict between plaintiff and the defendant officers' version of events, but there are also material inconsistencies between the two officers' versions themselves. For example, the officers differ as to how plaintiff interfered with the arrest of Mr. Francis as well as her specific actions towards them. Moreover, Officer Lopez's testimony differs from what is stated in the arrest affidavit concerning plaintiff's activities.

Reviewing the record in a light most favorable to plaintiff as the non-moving party, the undersigned disagrees with defendants' assertion that even under plaintiff's scenerio of events there is arguable probable cause. According to the defendant officers, they were

in a dangerous, fast moving scene attempting to subdue an armed subject with multiple unidentified persons on the premises. Thus, in their view, they had arguable probable cause to arrest plaintiff based on their perception that she was interfering with police activity. The undersigned disagrees, finding this theory to be tantamount to an individual being subject to arrest for simply being on the scene of a crime. The Eleventh Circuit clearly establishes that the "[m[ere presence at the scene of a crime, without more, does not support a finding of probable cause or arrest." See Holmes v. Kucynda, 321 F.3d 1069 (11th Cir. 2003); United States v. Gonzalez, 70 F.3d 1236, 1238 (11th Cir. 1995); see also Ybarra v. Illinois, 444 U.S. 85, 91 (1979) ("[A] person's mere propinquity to others independently suspected of criminal activity does not, without more, give rise to probable cause to [arrest] that person").

Instead, the Court must inquiry whether "reasonable officers in the same circumstances and possessing the same knowledge as the defendants could have believed that probable cause existed to arrest [p]laintiff. . . ." Von Stein v. Brescher, 904 F.2d 572, 579 (11th Cir. 1990). As discussed above, there are several material questions of fact regarding the information the defendant officers possessed or could have possessed as well as the officer's credibility in view of the conflicting testimony and evidence. If defendants fabricated evidence or arrested plaintiff only because she reported their purported misconduct, as plaintiff alleges, reasonable officers in the same circumstances and possessing the same knowledge as the defendants could not have believed that there was arguable probable cause to arrest plaintiff. See Kingsland v. City of Miami, 382 F.3d 1220, 1233 (11th Cir. 2004)(denying qualified immunity on the basis

that a jury question existed as to whether the defendants constructed evidence upon which to base plaintiff's arrest).   Accordingly, the undersigned finds that the defendant officers are not entitled to qualified immunity regarding plaintiff's arrest at this stage of the proceedings.  The facts in dispute which will require resolution at trial.[4]

Moreover, the undersigned find that plaintiff's account of events taken in a light most favorable to her, establish at least the possibility of a constitutional violation.  Specifically, defendants' actions, if proven at trial, could result in a jury determination that defendants deprived her of her First and Fourth Amendment rights thereby supporting her §1983 claims as alleged in the First Amended Complaint.  Plaintiff has also satisfied the second step of the qualified immunity inquiry, since at the time of the arrest it was "clearly established that an arrest made without probable cause violates the Fourth Amendment." *Davis v. Williams*, 441 F.3d 759, 764 n. 8 (11th Cir. 2006).  Therefore, on plaintiff's facts, the undersigned recommends the denial of defendants' motion for summary judgment under the doctrine of qualified immunity.

## **RECOMMENDATION**

For all of the foregoing reasons, the undersigned recommends that Defendants' Consolidated Motion for Summary Judgment be DENIED.

---

[4]Other factual disputes which may require resolution at trial include whether there was a public disturbance or excessive noise which would support a finding of arguable probable cause to arrest plaintiff for disorderly conduct or a county noise ordinance violation.  The record contains insufficient evidence for such a finding at this time.  Likewise, the material disputes of fact as to whether the police had probable cause to arrest plaintiff preclude summary judgment on plaintiff's state claim of false arrest against the County.

The parties may serve and file written objections to this Report and Recommendation with the Honorable Judge James Lawrence King within ten (10) days of the receipt. *See* 28 U.S.C. §636(b)(1)( c). Failure to timely file an objection shall bar the parties from attacking on appeal the factual findings contained herein. *See LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988), *cert. denied*, 488 U.S. 958 (1988); *Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Respectfully submitted this 20th day of January, 2011, in Miami, Florida.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:

Honorable James Lawrence King
Counsel of record