UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 09-23064-CIV-KING/BANDSTRA

JACYNTA HOUSE,

    Plaintiff,

v.

MIAMI-DADE COUNTY, OFFICER ERICK
LOPEZ and OFFICER JOSE HUERTA,

    Defendants.
_____/

## ORDER DENYING MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** comes before the Court upon the January 20, 2011 Report and Recommendation ("R&R") of Magistrate Judge Ted E. Bandstra (D.E. #32), recommending Defendants' Consolidated Motion for Summary Judgment (D.E. #19) be denied. Defendants timely filed Objections to the Report and Recommendation (D.E. #35) on February 14, 2011 and Plaintiff timely responded to the Objections (D.E. #39) on March 7, 2011. The Court considers Defendants' objections *de novo*. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). After a careful review of the record, the Court concludes that the R&R contains well-reasoned recommendations, and should be affirmed and adopted.

**I.**    **Background**

    Plaintiff seeks recovery for alleged civil rights violations by Miami-Dade County and

two of its police officers, pursuant to 42 U.S.C. § 1983. (D.E. #1). Plaintiff alleges that she witnessed police using excessive force during the arrest of Darnell Francis. *Id.* She claims she called 911 to report the misconduct, informed the Defendant officers that she had done so, and was then unconstitutionally arrested in retaliation for making the report. *Id.*

All Defendants moved for summary judgment (D.E. #19), arguing that they had at least arguable probable cause to arrest Plaintiff and they are thus entitled to qualified immunity. During the arrest of Darnell Francis, two women other than Plaintiff were present. (D.E. #32 at 5). These two women interfered with the Defendant officers' attempt to effectuate the arrest, by yelling at the officers, circling the officers while they arrested Mr. Francis, and blocking the officers' path to their vehicle. *Id.* Plaintiff was also present during the arrest of Mr. Francis, but she alleges she did not interfere in any way. (D.E. #1). Instead, she claims she remained at a distance from the struggle, and was using her cellular phone. *Id.* Plaintiff was arrested along with the other two women on the scene and charged in state court with resisting arrest without violence. (D.E. #32 at 5). The charge was ultimately dropped. *Id.*

II. **Discussion**

As explained in the R&R, a law enforcement officer seeking summary judgment on the basis of qualified immunity must show he had "arguable probable cause" to carry out an arrest. (D.E. #32 at 7) (citing *Moore v. Gwinnett County*, 967 F.2d 1495, 1497 (11th Cir. 1992)). "Arguable probable cause exists when an officer reasonably could have believed that probable cause existed." *Id.* The R&R recommends finding that the officers are not entitled to qualified immunity because "material facts [are] in dispute with respect to whether the defendant officers

2

had even arguable probable cause to arrest plaintiff." (D.E. #32 at 8). Defendants object on the basis that no questions of fact exist, the R&R relies on a misapplication of controlling law, and even under Plaintiff's version of events arguable probable cause existed.

### A.  Existence of questions of fact

As explained in the R&R, Plaintiff claims she was not involved in the interference with the arrest of Darnell Francis. (D.E. #32). In support of her opposition to summary judgment, Plaintiff submitted the affidavit of another eyewitness stating that Plaintiff "did not interfere," "did not yell or scream at the officers," and "did not physically make contact, block the police or obstruct the officers in any way." *Id.* at 9. Defendant officers, on the other hand, claim that Plaintiff did interfere with the arrest of Darnell Francis. However, during their depositions, each officer testified to a different version of the events explaining *how* she interfered. *Id.* In addition, the reason given for Plaintiff's arrest in the deposition testimony of each officer differs from the reasons for the arrest set forth in the sworn arrest affidavit.[1] *Id.*

Defendants' allegations are clearly contrary to Plaintiff's version of events. Additionally, as found in the R&R, the different stories offered by each of the Defendants creates a fact question as to the officers' credibility which cannot be resolved on summary judgment.[2]

---

[1] One officer testified that Plaintiff interfered by obstructing the doorway that police were attempting to exit in order to return to their vehicle. (D.E. #32 at 8). The other officer testified that Plaintiff interfered by "wedg[ing] her body between him and Mr. Francis in an attempt to stop the arrest." *Id.* In the arrest affidavit, the same officers swore to a different version of events. They stated Plaintiff interfered with the arrest by "standing between" the officers during the arrest, that she "continued to circle" the officers, and that she was "speaking or screaming in a loud or boisterous manner." *Id.*

[2] The R&R states: "[T]here are several material questions of fact regarding the information the defendant officers possessed or could have possessed as well as the officer's credibility in view of the conflicting testimony and evidence." (D.E. #32 at 10).

3

*Emerson Elec. Co. v. General Elec. Co.*, 846 F.2d 1324, 1326 (11th Cir. 1988) (finding neither party to suit could prevail on summary judgment "because resolution of this case turns on credibility determinations"). Additionally, contrary to Defendants' arguments, Judge Bandstra was permitted to consider Plaintiff's allegation that Defendants fabricated evidence in considering whether summary judgment was appropriate. *Kingsland v. City of Miami*, 382 F.3d 1220, 1233 (11th Cir. 2004) (finding qualified immunity inappropriate where fact question existed as to whether defendants made false statements to justify plaintiff's arrest). Accordingly, the Court finds that Judge Banstra's finding as to the existence of material issues of fact relevant to qualified immunity should be affirmed and adopted.

B. **Applicable law and Arguable Probable Cause under Plaintiff's Theory**

Next, Defendants argue that Magistrate Judge Bandstra misapplied the controlling law. Defendants correctly state: "To defeat the Officers' qualified immunity, Plaintiff must show that no hypothetical jury could rule in the Officers' favor based on the *undisputed facts*." (D.E. #35 at 5) (emphasis added). However, as Judge Bandstra explained, the facts here are disputed. For the reasons above, the Court agrees with that finding.

Where a record does not contain undisputed facts, the Court must determine whether qualified immunity would exist if Plaintiff's allegations are accepted as true. *Marsh v. Butler County*, 268 F.3d 1014, 1030 n.8 (11th Cir. 2001). According to Plaintiff, she was present when another person was arrested, she did not interfere with that arrest, she called police to report misconduct that she observed, and then she was arrested. (D.E. #1). Accepting these allegations as true, "no reasonable officer could have found probable cause under the totality of the

4

circumstances." *Kingsland*, 382 F.3d at 1232. The Court affirms the R&R's finding that the theory that arguable probable cause existed under these circumstances would be "tantamount to an individual being subject to arrest for simply being on the scene of a crime." (D.E. #32 at 10). As explained in the R&R, "mere presence at the scene of a crime, without more, does not support a finding of probable cause to arrest." *Holmes v. Kucynda*, 321 F.3d 1069, 1081 (11th Cir. 2003).

Defendants additionally object on the ground that the R&R erroneously failed to consider other factors relied on by Defendants in determining there was probable cause to arrest Plaintiff. Specifically, Defendants argue the R&R did not consider as "other factors": "the speed at which the situation unfolded, the danger of the situation with an armed subject turning towards the inside of his house and grabbing for his gun, the fact that all parties agree that at least two of the unidentified women were harassing, obstructing, screaming and pulling at the Officers." (D.E. #35 at 6). However, Magistrate Judge Bandstra expressly considered these circumstances. The R&R states: "

> According to the defendant officers, they were in a dangerous, fast moving scene attempting to subdue an armed subject with multiple unidentified persons on the premises. Thus, in their view, they had arguable probable cause to arrest plaintiff based on their perception that she was interfering with police activity. The undersigned disagrees.

(D.E. #32 at 10). Thus, Judge Bandstra expressly considered and rejected these arguments. The Court agrees with the recommendation in the R&R, and finds that none of these "other factors" relates to Plaintiff's conduct, or the existence of probable cause to arrest her. The R&R should not be overruled on this basis.

## III. Conclusion

After a careful review of the record and the Court being otherwise fully advised, it is hereby

**ORDERED, ADJUDGED, and DECREED** that Magistrate Judge Ted E. Bandstra's January 20, 2011 Report and Recommendation **(DE #32)** be, and the same is, hereby **AFFIRMED and ADOPTED**. Defendants' Consolidated Motion for Summary Judgment **(DE # 19)** is **DENIED**. The above-styled action will proceed, and **SHALL** be set for trial by separate Order of the Court.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 31st day of March, 2011.

                                                               JAMES LAWRENCE KING
                                                               UNITED STATES DISTRICT JUDGE

cc:   <u>**Counsel for Plaintiff**</u>

**Raymond J. Taseff**
Ray Taseff, P.A.
225 Alcazar Avenue
2nd Floor
Coral Gables, FL 33143
786-363-9020
Fax: 786-363-9040
Email: raytaseffpa@gmail.com

<u>**Counsel for Defendant**</u>

**Alexander Spicola Bokor**
Kozyak Tropin & Throckmorton
2525 Ponce de Leon Boulevard

Suite 900
Coral Gables, FL 33134-6036
305-375-2348
Fax: 305-375-5611
Email: abokor@miamidade.gov

**Craig Edward Leen**
Miami-Dade County Attorney's Office
Stephen P. Clark Center
111 NW 1st Street
Suite 2810
Miami, FL 33128-1993
305-375-5151
Fax: 375-5611
Email: cel1@miamidade.gov